# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

August 29, 2018

Lindsay Taylor, Esquire
Department of Justice
102 West Water Street
Dover, DE 19904

Tasha Marie Stevens, Esquire
Fuqua, Willard, Stevens & Schab, P. A.
26 The Circle
Georgetown, DE 19947

> **RE: *State v. William Purnell***
> ***#1603010406***
>
> Submitted: August 27, 2018
> Decided: August 29, 2018

Counsel:

Petitioner William Purnell (hereinafter "Mr. Purnell") moves for an emergency modification of his sentence pursuant to Superior Court Criminal Rule 35(b) (hereinafter "Rule 35(b)"). He seeks suspension of his Level V time to enable him to support a family member who has a serious medical condition. On June 23, 2017, the Court sentenced him to eight years at Supervision Level V, suspended after two years *and* successful completion of the Key program, to be followed by Crest and then Crest Aftercare.

Superior Court Criminal Rule 35(b) permits the consideration of an application for modification of sentence outside the ninety day window only upon a showing of extraordinary circumstances or pursuant to the mechanism provided in 11 *Del.C.* §

4217.[1] Extraordinary circumstances are such that (1) justify the delay; (2) are entirely beyond the petitioner's control; and (3) prevented the defendant from seeking the modification on a timely basis.[2]

In this case, the Court finds that Mr. Purnell's family member is seriously ill and at the time of the initial filing was awaiting an urgent, necessary, and serious medical procedure. Based on a timely and comprehensive update by his counsel, Mr. Purnell's family member is now recovering at home. The full nature of the person's condition did not materialize until July 2018, well after Rule 35(b)'s ninety day procedural bar expired. The Court finds that those circumstances were certainly outside Mr. Purnell's control. The Court also finds that this case involves sufficiently extraordinary circumstances to warrant a review of sentence outside the ninety day window.

Nevertheless, Mr. Purnell is a little over one year into the Level V portion of his sentence. He entered the Key Program on May 25, 2018, so he is approximately three months into that drug treatment program. In Mr. Purnell's case, given his two prior violent felony convictions, SENTAC recommendations provided for up to eight and one-half years of Level V time for the instant offenses. His sentence, on the lower end of the recommended range, included a minimum of two years Level V time and a requirement that he complete Key before flowing down to Level IV Crest. Notably, the Court issued this sentence even after finding multiple aggravating factors justifying a departure in excess of SENTAC guidelines. Furthermore, Mr. Purnell's plea agreement in this case acknowledged that he was subject to sentencing as a habitual offender pursuant to 11 *Del. C.* §4214(d), but the State agreed not to file a habitual offender petition.

Here, the Court acknowledges the well supported petition filed by Mr. Purnell as well as the State's response indicating that it does not oppose reducing his sentence

---

[1] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016).
[2] *Id.*

to provide for Level IV home confinement. Nevertheless, when the Court sentenced Mr. Purnell after a presentence investigation it considered many factors before sentencing him. One of the Court's primary concerns included structuring his sentence to receive the fullest array of Department of Correction provided drug treatment available. Mr. Purnell's conduct in this case included extremely violent conduct following drug use. He assaulted and injured a police officer and the circumstances involving the incident could easily have resulted in more serious injury or even death. Furthermore, at sentencing, the Court had heightened concerns regarding his substance abuse because seven years prior to the offenses at issue, he attempted to run a victim over with his vehicle. Three years before the offenses at issue, he attacked an alleged victim for not properly caring for a family member. Most tellingly, one year prior to the offenses at issue, Mr. Purnell suffered a drug overdose and exhibited very similar paranoid and violent behavior to that which he exhibited in this case. Fortunately, in the 2015 incident he did not injure the law enforcement officer as he did in the matter at hand.

Mr. Purnell's consistent drug use not only endangers himself, but also endangers others. The Court was not satisfied, through the time of his sentencing, that he had addressed his substance abuse issues in any meaningful way. Namely, the Court saw no evidence that Mr. Purnell had focused on his treatment despite numerous opportunities to do so.

The Court recognizes that Mr. Purnell is close with this family member, but notwithstanding the difficult circumstances, if Mr. Purnell does not receive treatment for and address his substance abuse issues, he will continue to put himself and others in danger. Given the fact that he has not yet completed the substance abuse treatment ordered by the Court and in light of the nature of his offenses, the Court does not find that these significant and difficult circumstances warrant a reduction of his sentence.

After consideration of the matter, since the family member has been discharged from an out-of-state hospital and has returned home to recuperate, the Court recommends that the Department of Correction permit Mr. Purnell to participate in a scheduled bed-side visit with the family member.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge